USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/9/2014_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHADY BOLTON, *et al.*,

    Plaintiffs,

ENRIQUE ROSADO,

    Plaintiff,

ABUBAKR SANCHEZ,

    Plaintiff,

JOSÉ SOTO,

    Plaintiff,

WILLIAM TIRADO,

    Plaintiff,

EDUARDO SANTANA,

    Plaintiff,

    -v-

CITY OF NEW YORK,

    Defendant.

TASHON SPURGEON,

    Plaintiff,

MARK GREEN,

    Plaintiff,

    -v-

WARDEN LUIS RIVERA, *et al.*,

    Defendants.

No. 13-cv-5749 (RJS)
_____

No. 13-cv-6340 (RJS)
_____

No. 13-cv-6624 (RJS)
_____

No. 13-cv-6843 (RJS)
_____

No. 13-cv-7195 (RJS)
_____

No. 13-cv-7659 (RJS)

No. 13-cv-6090 (RJS)
_____

No. 13-cv-6259 (RJS)

TERRON SESSION, *et al.*,
                 Plaintiffs,

    -v-

DORA B. SCHRIRO, *et al.*,
                 Defendants.

No. 13-cv-6348 (RJS)

OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

Plaintiffs in the above-captioned cases (collectively, the "AMKC Cases"), all of whom are proceeding *pro se* and *in forma pauperis*, bring claims under 42 U.S.C. § 1983 ("section 1983") for injuries arising out of a series of prison lockdowns that allegedly took place at the Anna M. Kross Center ("AMKC"), a prison facility on Rikers Island operated by the New York City Department of Correction (the "DOC"). Defendants have filed a consolidated motion to dismiss the cases pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is denied without prejudice to renewal as a motion for summary judgment on the issue of administrative exhaustion.

## I. BACKGROUND

### A. Facts

These cases, brought by inmates who were incarcerated at the AMKC prison facility from July 2013 to August 2013, arise out of administrative lockdowns that allegedly took place at the facility during that time period.[1] The cases fall into three groups.

---

[1] The facts are drawn from the Complaints in each of the AMKC Cases, which are assumed to be true for purposes of this motion. (13-cv-5749, Doc. No. 2 ("Bolton Compl."); 13-cv-6340, Doc. No. 2 ("Rosado Compl."); 13-cv-6624, Doc. No. 2 ("Sanchez Compl."); 13-cv-6843, Doc. No. 2 ("Soto Compl."); 13-cv-7195, Doc. No. 2 ("Tirado Compl."); 13-cv-7659, Doc. No. 2 ("Santana Compl.," and, collectively with Bolton Compl., Rosado Compl., Sanchez Compl., Soto Compl.,

The first group of cases (the "*Bolton* Cases") consists of the cases captioned 13-cv-5749, 13-cv-6340, 13-cv-6624, 13-cv-6843, 13-cv-7195, and 13-cv-7659.  These cases are brought by Plaintiffs Shady Bolton, Derrick Francis, Jonathan Groenow, Enrique Rosado, Abubakr Sanchez, José Soto, William Tirado, and Eduardo Santana (the "*Bolton* Plaintiffs") against the City of New York (the "City").[2]   The Complaints in these cases allege that, following a slashing incident, the AMKC instituted lockdown procedures from July 31, 2013 to August 4, 2013 and that during this period, the *Bolton* Plaintiffs were: (1) deprived of showers; (2) not permitted to call their attorneys or family members; (3) restricted in their commissary purchases; (4) denied yard time; (5) not afforded adequate religious services or access to the law library; (6) confined to their cells for prolonged periods in violation of DOC regulations; (7) deprived of adequate medical care; (8) deprived of their footwear; and (9) subjected to unsanitary cell conditions. (*Bolton* Cases Compls. at 2, 3; Bolton Compl. Attachment.)   Alleging that they suffered emotional distress and insomnia and that some of them needed mental health treatment as a result, the *Bolton* Plaintiffs seek monetary damages of $200,000 each and, in some cases, injunctive relief. (*Bolton* Cases Compls. at 3, 5.)

---

and Tirado Compl., "*Bolton* Cases Compls."); 13-cv-6090, Doc. No. 2 ("Spurgeon Compl."); 13-cv-6259, Doc. No. 2 ("Green Compl.," and, collectively with Spurgeon Compl., "*Spurgeon* Cases Compls."); 13-cv-6348, Doc. No. 2 ("Session Compl.") (collectively, the "AMKC Compls.").)

[2] Some of the *Bolton* Cases also name the DOC or the AMKC as additional defendants.  As the Court noted in previous orders, the DOC and AMKC are not suable entities, and claims against either entity must be construed as claims against the City. (13-cv-5749, Doc. No. 9; 13-cv-6340, Doc. No. 5; 13-cv-6624, Doc. No. 6; 13-cv-6843, Doc. No. 6; 13-cv-7195, Doc. No. 5; 13-cv-7659, Doc. No. 7.)

The second group of cases (the "*Spurgeon* Cases") consists of the cases captioned 13-cv-6090 and 13-cv-6259. The *Spurgeon* Cases are brought by Plaintiffs Tashon Spurgeon and Mark Green (the "*Spurgeon* Plaintiffs") against Defendants Warden Luis Rivera, Captain Johnson, Deputy Hill, Deputy Margarita, Captain Blake, Correction Officer Ellis, Correction Officer Lindo, and Correction Officer Rothwell.[3]   (*Spurgeon* Cases Compls. at 1.)   In nearly identical Complaints, the *Spurgeon* Plaintiffs allege that, on the orders of Captain Johnson and Deputies Hill and Margarita, they were locked down at the AMKC for various periods between July 11, 2013 and August 4, 2013, and that during the lockdowns they were: (1) deprived of hot showers and personal hygiene products; (2) not permitted to have visitors, call their attorneys or family members, or have any sort of correspondence with any person; (3) restricted in their commissary purchases; (4) not afforded adequate religious services or access to the law library; (5) confined to their cells for prolonged periods in violation of DOC regulations; (6) deprived of adequate medical care; (7) deprived of their footwear and clothes; (8) subjected to unsanitary cell conditions; (9) deprived of food and hot, balanced meals; (10) denied recreation; and (11) denied access to courts and administrative agencies. (*Spurgeon* Cases Compls. at 2, 3; *id.* Attachment.) The *Spurgeon* Plaintiffs allege that they suffered both mental and physical health problems as a result of the lockdowns and seek monetary damages of $500,000 each.   (*Spurgeon* Cases Compls. at 3, 5.)

The final group consists of a single case, *Session v. Schriro* (the "*Session* Case"), captioned 13-cv-6348.   The *Session* Case is brought by Plaintiffs Terron Session, Ramel

---

[3] Some of these Defendants have not yet been served.  The New York City Law Department represents all of the Defendants who have been served. (*See, e.g.,* 13-cv-6090, Doc. Nos. 9, 10.)

Williams, and Daquan Bowers (the "*Session* Plaintiffs")[4] against Defendants Dora B. Schriro, Warden Luis Rivera, Deputy Warden Purvis, Deputy Warden Collins, and Correction Officer John Doe. (Session Compl. at 1.)  The *Session* Complaint alleges that the AMKC was locked down between July 21, 2013 and July 28, 2013 and that Plaintiffs were: (1) not permitted to have visitors and had family members subjected to aggressive and humiliating search procedures by AMKC staff; and (2) not afforded adequate religious services, access to the law library, or access to the mail. (Session Compl. at 2, 3; *id.* Attachment.)  The *Session* Plaintiffs allege that they suffered psychological damage as a result of the lockdowns and seek monetary damages of $5,000,000 each and various forms of injunctive relief. (Session Compl. at 3, 5.)

## B.  Procedural History

Plaintiffs filed these cases on various dates between August 2013 and October 2013. (AMKC Compls. at 1.)  On January 24, 2014, the New York City Law Department filed the instant consolidated motion to dismiss on behalf of all Defendants who were served.  (13-cv-5749, Doc. No. 13; 13-cv-6340, Doc. No. 11; 13-cv-6624, Doc. No. 10; 13-cv-6843, Doc. No. 11; 13-cv-7195, Doc. No. 9; 13-cv-7659, Doc. No. 9; 13-cv-6090, Doc. No. 25; 13-cv-6259, Doc. No. 12; 13-cv-6348, Doc. No. 20.)  Plaintiffs' opposition briefs were originally due on February 28, 2014. (13-cv-5749, Doc. No. 13; 13-cv-6340, Doc. No. 11; 13-cv-6624, Doc. No. 10; 13-cv-6843, Doc. No. 11; 13-cv-7195, Doc. No. 9; 13-cv-7659, Doc. No. 9; 13-cv-6090, Doc. No. 25; 13-cv-6259, Doc. No. 12; 13-cv-6348, Doc. No. 20.)  At the request of Plaintiff

---

[4] By Order dated December 20, 2013, the Honorable Loretta A. Preska, to whom this case was initially assigned, dismissed Plaintiffs Jesse Blount, Patrick Rapcavage, Shadae Williams, Gail Blount, Caitlyn Schoonover, and Michael Rapcavage from this action for failing to submit necessary documents. (Doc. No. 13.)

Daquan Bowers, the Court extended Plaintiffs' deadline to respond to March 28, 2014. (13-cv-5749, Doc. No. 17; 13-cv-6624, Doc. No. 13; 13-cv-6843, Doc. No. 14; 13-cv-7195, Doc. No. 12; 13-cv-7659, Doc. No. 12; 13-cv-6090, Doc. No. 28; 13-cv-6259, Doc. No. 15; 13-cv-6348, Doc. No. 23.) To date, no Plaintiff in any of the AMKC Cases, including Bowers, has filed an opposition brief.[5]

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must "provide the grounds upon which [the] claim rests." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *ATSI Commc'ns*, 493 F.3d at 98. However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, a pleading that only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the plaintiff "ha[s] not nudged [his] claims across the

---

[5] Each of the Court's Orders has been mailed to the addresses listed by Plaintiffs on ECF. In cases where the Court has specifically been made aware by the Law Department or the Pro Se Office that an address is outdated, the Court has also mailed copies of the orders to the address listed on the DOC's Inmate Lookup system. Some of the Court's mailings have recently been returned as undeliverable. It is Plaintiffs' responsibility to alert the Pro Se Office of address changes. *See* Pro Se Litigation Manual at 6.

line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570. Although the Court construes the Complaint liberally because Plaintiffs are *pro se*, the complaints must still contain factual allegations that raise a "right to relief above the speculative level" in order to survive a motion to dismiss. *Dawkins v. Gonyea*, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).

On a motion to dismiss, the Court may consider, in addition to the complaint itself, "any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (citations and quotation marks omitted); *see also Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

### III. DISCUSSION

Defendants raise a number of grounds why the AMKC Cases must be dismissed. As discussed below, the Court finds that while it appears from the face of the Complaints that none of the Plaintiffs have complied with the administrative exhaustion requirement of the Prison Litigation Reform Act (the "PLRA"), Plaintiffs should be given an opportunity to set forth facts that could excuse their failure to exhaust. Accordingly, the Court denies Defendants' motion to dismiss without prejudice to renewal as a motion for summary judgment on the issue of administrative exhaustion. Because Plaintiffs' failure to exhaust administrative remedies would entirely dispose of these claims, the Court does not reach the other grounds for dismissal urged by Defendants.[6]

---

[6] As discussed below, in the event that the Court denies summary judgment on the issue of

A. The PLRA Exhaustion Requirement

The PLRA, which Congress passed to reform and streamline the consideration of prisoner lawsuits by federal courts, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Because the failure to exhaust administrative remedies is an affirmative defense, prisoner plaintiffs are "not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, a court may still dismiss a prison condition suit on a Rule 12(b)(6) motion if the allegations of the complaint show that the plaintiff has failed to comply with the administrative exhaustion requirement. *Id.* at 215–16 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. . . . [That administrative exhaustion need not be pleaded] is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim."). In other words, although a complaint cannot be dismissed for failing to plead that administrative remedies were exhausted, it can be dismissed if it pleads facts demonstrating that administrative remedies were *not* exhausted. *See Williams v. Dep't of Corr.*, No. 11-cv-1515 (SAS), 2011 WL 3962596, at *5 (S.D.N.Y. Sept. 7, 2011) ("Dismissal for failure to exhaust administrative remedies is appropriate where, on the face of the Complaint, it is clear that plaintiff did not exhaust such remedies.").

---

administrative exhaustion, Defendants will be permitted to renew their motion to dismiss on these other grounds.

B.  The Administrative Procedure at the AMKC

The DOC administers an administrative grievance procedure, the Inmate Grievance and Request Program ("IGRP"), for inmates at its facilities, including the AMKC.  The IGRP, which is set forth in DOC Directive 3376, applies to grievances about the following prison conditions: (1) clothing, (2) commissary, (3) correspondence/mail, (4) food, (5) housing, (6) law library, (7) mental and medical health complaints involving DOC personnel,[7] (8) personal hygiene, (9) phone use, (10) recreation, and (11) religious observance and expression.  IGRP App. A.  Under the IGRP, a prisoner who wishes to file a grievance must file a form with IGRP staff within ten business days of the condition giving rise to the grievance.  *Id.* §§ II.F, IV.B.1.  IGRP staff are required to provide an "informal resolution" within five business days of receiving the form.  *Id.* § II.F.  The dispositions of IGRP staff are appealable through several layers of review, up to the DOC's Central Office Review Committee ("CORC").  *Id.* § II.G (providing for appeal of IGRP staff's disposition to Inmate Grievance Resolution Committee, then to facility's Commanding Officer, then to the CORC).  The administrative process is complete only when the CORC has issued its disposition.  *Id.*  The decisionmakers at each level of review must issue their decisions within certain time limits, *id.* §§ IV.G.1, H.1, I.2, J.5.a–b, and an inmate may appeal if he "does not receive a timely disposition at any stage of the IGRP process," *id.* § IV.D.10.

---

[7] The IGRP applies to "grievances or requests concerning correctional staff's alleged interference with medical treatment or access to medical care," but not to "grievances or requests concerning the actions of medical personnel," which are subject to different administrative procedures. IGRP § IV.B.2.d.  Some of the AMKC Cases raise claims based on DOC staff members' alleged interference with proper medical or mental health treatment; none asserts claims against medical staff for improper care. (*See* AMKC Compls. at 1, 3).

C.  Plaintiffs' Failure to Exhaust the Administrative Procedure

Here, it is clear from the face of the Complaints that none of the Plaintiffs exhausted the IGRP procedure.  Plaintiff Sanchez explicitly pleads that he never filed a grievance "[b]ecause the people that did file grievances never got a respon[se]."  (Sanchez Compl. at 4.)  The remaining Plaintiffs in the *Bolton* and *Spurgeon* Cases plead that although they initiated the administrative process by filing grievances, they did not file any appeals because their grievances received no response.[8]  (Bolton Compl. at 4; Rosado Compl. at 4; Soto Compl. at 4; Tirado Compl. at 4; Santana Compl. at 4; *Spurgeon* Cases Compls. at 4.)  Finally, the *Session* Plaintiffs plead that they filed grievances, which are "still pending" and "under investigation."  (Session Compl. at 4.)  Thus, no Plaintiff exhausted the IGRP procedure: (1) Sanchez never even began the process, (2) the remaining *Bolton* and *Spurgeon* Plaintiffs began the process, but made no effort to continue it when they received no response to the initial grievances, and (3) the *Session* Plaintiffs are still actively pursuing the process.

D.  Exemption from Exhaustion Under *Hemphill v. New York*

The conclusion that Plaintiffs failed to exhaust the IGRP procedure does not end the inquiry.  Under certain circumstances, a plaintiff's failure to exhaust administrative remedies may be excused.  This inquiry is generally guided by the three-part framework set forth by the Second Circuit in *Hemphill v. New York*, which considers: (1) "whether administrative remedies were in fact available to the prisoner," (2) "whether the defendants may have forfeited the

---

[8] These Plaintiffs allege that they "[n]ever got called down for [an] interview" or that "nothing resulted" from their grievances and describe their efforts to appeal as "N/A."  (Bolton Compl. at 4; Rosado Compl. at 4; Soto Compl. at 4; Tirado Compl. at 4; Santana Compl. at 4; *Spurgeon* Cases Compls. at 4.)

affirmative defense of non-exhaustion by failing to raise or preserve it or whether the defendants'

own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the

defendants from raising the plaintiff's failure to exhaust as a defense," and (3) "whether special

circumstances have been plausibly alleged that justify the prisoner's failure to comply with

administrative procedural requirements." 380 F.3d 680, 686 (2d Cir. 2004).[9]

    Here, the first *Hemphill* factor does not excuse Plaintiffs' failure to exhaust: on the face

of the Complaints, it is clear that administrative relief was available to Plaintiffs through the

IGRP process. "To be available under the PLRA, a remedy must afford the possibility of some

relief for the action complained of." *Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004)

(internal quotation marks omitted). Here, each of the conditions complained of by Plaintiffs falls

within one of the categories to which the IGRP applies. *See* IGRP App. A. Based on the

Complaints, the IGRP process was in fact available to Plaintiffs, and all of the Plaintiffs but one,

Sanchez, started the process by filing grievances. (AMKC Compls. at 4.)

    The Court notes that the alleged unresponsiveness of IGRP staff to Plaintiffs' grievances

and Plaintiffs' apparent belief that this made it unnecessary to file appeals did not make

---

[9] Following the Supreme Court's decision in *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006), holding that the PLRA requires "proper exhaustion" of administrative remedies in "compliance with an agency's deadlines and other critical procedural rules," the Second Circuit has noted, without holding, that the second and third prongs of the *Hemphill* analysis – estoppel and special circumstances – may no longer be applicable. *See Amador v. Andrews*, 655 F.3d 89, 102 (2d Cir. 2011) ("We have questioned whether, in light of *Woodford*, the doctrines of estoppel and special circumstances survived." (citing cases)). Nevertheless, the Second Circuit conducted a *Hemphill* analysis in *Amador* itself, 655 F.3d at 102–04, and district courts in this Circuit have continued to apply the *Hemphill* framework following *Woodford* and *Amador*, *see, e.g.*, *Powell v. Corr. Med. Care, Inc.*, No. 13-cv-6842 (WHP), 2014 WL 4229980, at *2 n.3 (S.D.N.Y. Aug. 15, 2014) (collecting cases); *Stevens v. City of New York*, No. 12-cv-1918 (JPO) (JLC), 2012 WL 4948051, at *6 (S.D.N.Y. Oct. 11, 2012).

administrative exhaustion unavailable to Plaintiffs.  As discussed above, the IGRP sets deadlines for each stage of the process – including a five-business-day turnaround time for informal resolutions by IGRP staff – and explicitly permits inmates to file appeals if they do not "receive a timely disposition at *any stage* of the IGRP process."  IGRP § IV.D.10 (emphasis added). Courts in this Circuit have consistently held that the failure to take an available administrative appeal, even when the initial grievance receives no response, constitutes a failure to exhaust available administrative remedies.  *See, e.g.*, *Johnson v. New York City Dep't of Correction*, No. 13-cv-6799 (CM), 2014 WL 2800753, at *6 (S.D.N.Y. June 16, 2014) ("Assuming that Plaintiff filed a timely grievance . . . and received no response within five business days . . . , Plaintiff . . . could have taken the next step and requested a hearing."); *Leacock v. New York City Health Hosp. Corp.*, No. 03-cv-5440 (RMB) (GWG), 2005 WL 483363, at *7 (S.D.N.Y. Mar. 1, 2005) ("[T]hat [plaintiff] allegedly did not receive a response to her grievance does not excuse her from failing to exhaust the appellate remedies available to her."); *Burns v. Moore*, No. 99-cv-0966 (LMM) (THK), 2002 WL 91607, at *8 (S.D.N.Y. Jan. 24, 2002) ("Thus, even if Plaintiff received no response to his initial grievance, Plaintiff could have sought the next level of review, in this case, to the prison superintendent.").  Accordingly, the Court finds that administrative remedies were available to Plaintiffs.[10]

---

[10] A similar analysis applies to Plaintiff Sanchez, who did not file a grievance because other inmates allegedly did not receive timely responses to theirs.  (Sanchez Compl. at 4.)  Even if Sanchez reasonably believed that a grievance would have gone unanswered, he should have filed one anyway and then availed himself of the IGRP appeals process.  IGRP § IV.D.10; *see, e.g.*, *Harrison v. Goord*, No. 07-cv-1806 (HB), 2009 WL 1605770, at *4 (S.D.N.Y. June 9, 2009) ("Prisoners are required to exhaust their administrative remedies even if they believe that administrative remedies would be ineffective or futile." (citations and internal quotation marks omitted).)

Furthermore, none of the Complaints allege any facts that would excuse non-exhaustion under the second and third *Hemphill* factors – estoppel and special circumstances. There are no allegations that AMKC staff retaliated against Plaintiffs or prevented them from pursuing administrative remedies, as would be necessary to support an estoppel argument.[11] *See Ruggiero v. Cnty. of Orange*, 467 F.3d 170, 178 (2d Cir. 2006). There are also no allegations of any special circumstances that would explain and justify Plaintiffs' failure to complete the administrative process.

That said, the Court is mindful that, under *Bock*, Plaintiffs "are not required to specially plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. Thus, the Court cannot infer, from the mere absence of allegations that would support an estoppel or special circumstances argument, that no such arguments are available to Plaintiffs. Where the merits of an administrative exhaustion defense cannot be determined from the face of a complaint, courts in this Circuit have frequently converted defendants' motions to dismiss to motions for summary judgment on the limited issue of administrative exhaustion. *See, e.g.*, *McCoy v. Goord*, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003); *Stevens*, 2012 WL 4948051, at *3; *Lovick v. Schriro*, No. 12-cv-7419 (ALC) (RLE), 2014 WL 3778184, at *5 (S.D.N.Y. July 25, 2014). The Court takes that course here.

To be sure, some courts in this District and elsewhere have granted motions to dismiss in cases where, on the face of the complaint, it is clear that the prisoner plaintiff did not exhaust

---

[11] A plaintiff may also assert an estoppel argument if defendants fail to timely assert an administrative exhaustion defense. *Hemphill*, 380 F.3d at 686. That branch of the estoppel inquiry is clearly not implicated here, since Defendants have raised their administrative exhaustion defense in this pre-answer motion to dismiss.

13

administrative remedies and where the complaint does not allege any facts supporting application of the *Hemphill* factors. *See, e.g.*, *Jordan v. Fed. Bureau of Prisons*, No. 09-cv-8561 (ALC), 2013 WL 1143617, at *6 (S.D.N.Y. Mar. 19, 2013); *Martin v. City of New York*, No. 11-cv-600 (PKC) (RLE), 2012 WL 1392648, at *6–7 (S.D.N.Y. Apr. 20, 2012). However, this approach appears to be in tension with the Supreme Court's holding in *Bock* that prisoner plaintiffs are "not required to specially plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. In the Court's view, it is hard to reconcile the holding of *Bock* – that a plaintiff need not allege any facts about exhaustion *at all* – with the position that if a plaintiff alleges that he did not exhaust administrative remedies, he must then plead additional facts justifying his failure to do so under *Hemphill*. *Cf. Bailey v. Fortier*, No. 09-cv-0742 (GLS) (DEP), 2012 WL 6935254, at *5–6 (N.D.N.Y. Oct. 4, 2012) (noting this tension). Furthermore, it is unrealistic to expect a *pro se* plaintiff to know that the inclusion of facts reflecting his failure to exhaust administrative remedies triggers an affirmative duty to plead additional facts concerning the relevant *Hemphill* factors that would excuse his failure to exhaust. Absent a clear directive from the Supreme Court or the Second Circuit, the Court declines to impose such a pleading requirement. Accordingly, the Court denies Defendants' motion to dismiss without prejudice to renewal as a Rule 56 motion for summary judgment on the issue of administrative exhaustion.[12]

---

[12] Because the administrative exhaustion issue is likely dispositive of all the above-captioned cases, the Court does not address the other grounds for dismissal discussed in Defendants' motion to dismiss. Defendants may renew their motion to dismiss on those grounds, if necessary, once the Court has ruled on the administrative exhaustion issue.

IV. CONCLUSION

IT IS HEREBY ORDERED THAT Defendants' consolidated motion to dismiss is DENIED without prejudice to renewal as a motion for summary judgment on the issue of administrative exhaustion. The Clerk of the Court is respectfully directed to terminate the motions pending at 13-cv-5749, Doc. No. 13; 13-cv-6340, Doc. No. 11; 13-cv-6624, Doc. No. 10; 13-cv-6843, Doc. No. 11; 13-cv-7195, Doc. No. 9; 13-cv-7659, Doc. No. 9; 13-cv-6090, Doc. No. 25; 13-cv-6259, Doc. No. 12; and 13-cv-6348, Doc. No. 20.

IT IS FURTHER ORDERED THAT Defendants shall file their contemplated motion for summary judgment no later than October 10, 2014. Plaintiffs shall respond, if at all, no later than October 24, 2014. Defendant shall reply, if at all, no later than October 31, 2014. The parties shall submit statements of material fact pursuant to Local Civil Rule 56.1 ("56.1 statements") in connection with Defendants' motion.[13]

The Court reminds Plaintiffs that failure to submit responsive 56.1 statements will be deemed an admission of the facts set forth in Defendants' 56.1 statement. Local Civil Rule 56.1(c). Defendants shall serve each of the Plaintiffs with a copy of the notice required by Local Civil Rule 56.2, which Plaintiffs should read carefully.

SO ORDERED.

Dated:      September 8, 2014
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

[13] Any requests for additional discovery relating to administrative exhaustion should be made in the parties' summary judgment submissions.

15

Copies of this Opinion and Order were sent to:

All *Pro Se* Plaintiffs in the AMKC Cases at the addresses listed on ECF.