USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03.18.15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHADY BOLTON, *et al.*,
    Plaintiffs,

ENRIQUE ROSADO,
    Plaintiff,

ABUBAKR SANCHEZ,
    Plaintiff,

JOSÉ SOTO,
    Plaintiff,

WILLIAM TIRADO,
    Plaintiff,

EDUARDO SANTANA,
    Plaintiff,

-v-

CITY OF NEW YORK,
    Defendant.

No. 13-cv-5749 (RJS)

No. 13-cv-6340 (RJS)

No. 13-cv-6624 (RJS)

No. 13-cv-6843 (RJS)

No. 13-cv-7195 (RJS)

No. 13-cv-7659 (RJS)

TASHON SPURGEON,
    Plaintiff,

MARK GREEN,
    Plaintiff,

-v-

WARDEN LUIS RIVERA, *et al.*,
    Defendants.

No. 13-cv-6090 (RJS)

No. 13-cv-6259 (RJS)

| | |
|---|---|
| TERRON SESSION, *et al.*,<br>                              Plaintiffs,<br><br>-v-<br><br>DORA B. SCHRIRO, *et al.*,<br>                              Defendants. | No. 13-cv-6348 (RJS)<br><br><br>OPINION AND ORDER |

RICHARD J. SULLIVAN, District Judge:

Plaintiffs in the above-captioned cases (collectively, the "AMKC Cases"), all of whom are proceeding *pro se* and *in forma pauperis*, bring claims under 42 U.S.C. § 1983 ("section 1983") for injuries arising out of a series of prison lockdowns that allegedly took place at the Anna M. Kross Center ("AMKC"), a prison facility on Rikers Island operated by the New York City Department of Correction (the "DOC"). Now before the Court is Defendants' consolidated motion for summary judgment on the grounds of administrative exhaustion. For the reasons set forth below, the motion is granted.

I. BACKGROUND

A. Facts[1]

These cases, brought by inmates who were incarcerated at the AMKC prison facility from July 2013 to August 2013, arise out of administrative lockdowns that allegedly took place at the facility during that time period. The cases fall into three groups. The first group of cases (the "*Bolton* Cases") consists of the cases captioned No. 13-cv-5749, No. 13-cv-6340, No. 13-cv-6624, No. 13-cv-6843, No. 13-cv-7195, and No. 13-cv-7659. These cases are brought by Plaintiffs

---

[1] The facts are drawn from Defendants' unopposed Local Rule 56.1 Statement. (No. 13-cv-6090, Doc. No. 39 ("Defendants' 56.1 Stmt.").)

Shady Bolton, Derrick Francis, Jonathan Groenow, Enrique Rosado, Abubakr Sanchez, José Soto, William Tirado, and Eduardo Santana (the "*Bolton* Plaintiffs") and concern one lockdown at AMKC from July 31, 2013 to August 4, 2013. (McMahon Decl. Exs. A & B.) The second group of cases (the "*Spurgeon* Cases") consists of the cases captioned No. 13-cv-6090 and No. 13-cv-6259. The *Spurgeon* Cases are brought by Plaintiffs Tashon Spurgeon and Mark Green (the "*Spurgeon* Plaintiffs") and concern three AMKC lockdowns over various periods between July 11, 2013 and August 4, 2013. (McMahon Decl. Ex. C.) The third group consists of a single case, *Session v. Schriro* (the "*Session* Case"), captioned No. 13-cv-6348. The *Session* Case is brought by Plaintiffs Terron Session, Ramel Williams, and Daquan Bowers (the "*Session* Plaintiffs") and concerns AMKC lockdowns between July 21, 2013 and July 28, 2013. (McMahon Decl. Ex. D.)

The DOC has an administrative grievance procedure, known as the Inmate Grievance and Request Program ("IGRP"), which was available and in effect at all times relevant to this lawsuit. (McMahon Decl. Ex. E.) The IGRP requires that inmates first file a complaint with the Inmate Grievance Resolution Committee ("IGRC") within ten days of the complained-of act, that the IGRC attempt to resolve the grievance informally within five days, and that if the grievance is not informally resolved, the inmate may request a formal hearing before the IGRC. *Id.* An inmate may appeal the IGRC's decision to the commanding officer, or his or her designee, and subsequent appeals may be taken to the Central Office Review Committee and Board of Correction. *Id.* Finally, an inmate has the option of granting an extension of time, or appealing and proceeding to the next level of review, at any point throughout the grievance process should the grievance not be decided within the allotted time frame. *Id.*

The Southern District of New York Prison Complaint form asks incarcerated plaintiffs to describe the grievance steps they took at their facility before they filed their lawsuit. In response to the questions, "What steps, if any, did you take to appeal that decision," and "Describe all efforts to appeal to the highest level of the grievance process," the *Spurgeon* Plaintiffs and all of the *Bolton* Plaintiffs, but for Sanchez, stated "n/a." (McMahon Decl. Ex. A & C.) Sanchez stated that he did not file a grievance about the lockdown because "the people that did file grievances never got a respon[se]." (McMahon Decl. Ex. B.) The *Session* Plaintiffs did not file any grievances at AMKC and stated that the complaint that they filed is still "under investigation." (McMahon Decl. Ex. D.)

B. Procedural History

Between August 28, 2013 (No. 13-cv-6090, Doc. No. 2) and October 29, 2013 (No. 13-cv-7659, Doc. No. 2), Plaintiffs filed their various Complaints in these actions. On January 24, 2014, Defendants filed their consolidated motion to dismiss on the grounds that, *inter alia*, Plaintiffs had failed to exhaust their administrative remedies. (No. 13-cv-6090, Doc. No. 25.) On September 9, 2014, the Court denied Defendants' motion because, "while it appears from the face of the Complaints that none of the Plaintiffs have complied with the administrative exhaustion requirement of the Prison Litigation Reform Act (the "PLRA"), Plaintiffs should be given an opportunity to set forth facts that could excuse their failure to exhaust." (No. 13-cv-6090, Doc. No. 30 at 7 (the "September 9 Order").) The Court also concluded that "Plaintiffs' failure to exhaust administrative remedies would entirely dispose of these claims" should Plaintiffs fail to set forth facts that could excuse their failure to exhaust. (*Id.*) Accordingly, in connection with the briefing schedule for Defendants' contemplated motion for summary judgment, the Court directed

Plaintiffs to submit a responsive 56.1 statement and reminded Plaintiffs that failure to do so will be deemed an admission of the facts set forth in Defendants' 56.1 statement. (*Id.* at 15.)

On November 14, 2014, Defendants filed the instant consolidated motion for summary judgment. (No. 13-cv-6090, Doc. No. 35.) Although Plaintiffs' opposition briefs were due on December 1, 2014 (No. 13-cv-6090, Doc. No. 32), no Plaintiffs responded by that date. On February 19, 2015, the Court extended Plaintiffs' deadline to file their opposition to Defendants' motion for summary judgment to March 16, 2015. (Doc. No. 41.) To date, no Plaintiff in any of the AMKC Cases has filed an opposition brief or 56.1 counter-statement.[2]

## II. LEGAL STANDARD

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is "no genuine dispute as to any material fact" where (1) the parties agree on all facts (that is, there are no disputed facts); (2) the parties disagree on some or all facts, but a reasonable fact-finder could never accept the nonmoving party's version of the facts (that is, there are no genuinely disputed facts), *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); or (3) the parties disagree on some or all facts, but even on the nonmoving party's version of the facts, the moving party would win as a matter of law (that is, none of the factual disputes are material), *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

---

[2] Each of the Court's Orders has been mailed to the addresses listed by Plaintiffs on ECF. In cases where the Court has specifically been made aware by the Law Department or the Pro Se Office that an address is outdated, the Court has also mailed copies of the orders to the address listed on the DOC's Inmate Lookup system. Some of the Court's mailings have recently been returned as undeliverable. It is Plaintiffs' responsibility to alert the Pro Se Office of address changes. *See* Pro Se Litigation Manual at 6.

In determining whether a fact is genuinely disputed, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996). Nevertheless, to show a genuine dispute, the nonmoving party must provide "hard evidence," *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998), "from which a reasonable inference in [its] favor may be drawn," *Binder & Binder PC v. Barnhart*, 481 F.3d 141, 148 (2d Cir. 2007) (internal quotation marks omitted). "Conclusory allegations, conjecture, and speculation," *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998), as well as the existence of a mere "scintilla of evidence in support of the [nonmoving party's] position," *Anderson*, 477 U.S. at 252, are insufficient to create a genuinely disputed fact. A moving party is "entitled to judgment as a matter of law" on an issue if (1) it bears the burden of proof on the issue and the undisputed facts meet that burden; or (2) the nonmoving party bears the burden of proof on the issue and the moving party "'show[s]' – that is, point[s] out . . . – that there is an absence of evidence [in the record] to support the nonmoving party's [position]," *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Furthermore, a "nonmoving party's failure to respond to a [Local Civil] Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible." *T.Y. v. New York City Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) (citing *Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998)). Typically, assuming the other requirements of Rule 56 are met, the nonmoving party's failure to file a responsive 56.1 statement results in a grant of summary judgment. *See, e.g., Millus v. D'Angelo*, 224 F.3d 137, 138 (2d Cir. 2000).

III. DISCUSSION

As noted above, the Court stated in its September 9 Order that "it appears from the face of the Complaints that none of the Plaintiffs have complied with the administrative exhaustion requirement of the Prison Litigation Reform Act (the "PLRA")." (September 9 Order at 7.) Specifically, under the PLRA, inmates bringing claims with respect to prison conditions under section 1983 must exhaust the administrative remedies that are available at that prison before proceeding in federal court. 42 U.S.C. § 1997e(a). To exhaust the administrative procedure at the AMKC, an inmate must appeal several layers of review, even if the inmate does not receive a timely disposition at the initial stages. (Defendants' 56.1 Stmt. ¶¶ 11-13.) Here, Plaintiffs' Complaints establish that none of them exhausted the AMKC administrative procedure because none of them appealed their grievances. (*Id.* ¶¶ 14-17.)

Nevertheless, in its September 9 Order, the Court concluded that "Plaintiffs should be given an opportunity to set forth facts that could excuse their failure to exhaust." (September 9 Order at 7.) The Second Circuit has held that under certain circumstances, an inmate's failure to exhaust administrative remedies may be excused. This inquiry is generally guided by the Second Circuit's decision in *Hemphill v. New York*, which directs courts to consider: (1) "whether administrative remedies were in fact available to the prisoner," (2) "whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense," and (3) "whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements." 380 F.3d 680, 686 (2d Cir. 2004).

7

In its September 9 Order, the Court concluded that should Plaintiffs fail to set forth facts that could excuse their failure to exhaust under *Hemphill*, "Plaintiffs' failure to exhaust administrative remedies would entirely dispose of these claims." (September 9 Order at 7.) No Plaintiff filed an opposition to Defendants' motion for summary judgment or Defendants' 56.1 statement. Therefore, in light of the Court's prior exhaustion analysis, in which the Court concluded that the Complaints on their face demonstrate that Plaintiffs (1) failed to satisfy the PLRA exhaustion requirement and (2) failed to allege any facts to qualify them for one of the exemptions recognized under *Hemphill*, the Court finds that Plaintiffs' claims are barred for failure to comply with the administrative exhaustion requirement of the PLRA.

### IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT Defendants consolidated motion for summary judgment is GRANTED. The Clerk of the Court is respected directed to terminate the motions pending at No. 13-cv-6090, Doc. No. 35; No. 13-cv-5749, Doc. No. 27; No. 13-cv-6340, Doc. No. 18; No. 13-cv-6624, Doc. No. 18; No. 13-cv-6843, Doc. No. 19; No. 13-cv-7195, Doc. No. 17; No. 13-cv-7659, Doc. No. 17; No. 13-cv-6259, Doc. No. 20; and No. 13-cv-6348, Doc. No. 30; and to close these cases.

SO ORDERED.

Dated:   March 18, 2015
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

<u>Copies of this Opinion and Order were sent to</u>:

All *Pro Se* Plaintiffs in the AMKC Cases at the addresses listed on ECF.