USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04.20.15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHADY BOLTON, *et al.*,

                        Plaintiffs,

-v-

CITY OF NEW YORK,

                        Defendant.

No. 13-cv-5749 (RJS)

---

TASHON SPURGEON,

                        Plaintiff,

-v-

WARDEN LUIS RIVERA, *et al.*,

                        Defendants.

No. 13-cv-6090 (RJS)

OPINION AND ORDER

---

RICHARD J. SULLIVAN, District Judge:

      Plaintiffs Tashon Spurgeon and Jonathan Groenow, proceeding *pro se* and *in forma pauperis*, bring claims under 42 U.S.C. § 1983 ("section 1983") for injuries arising out of a series of prison lockdowns that allegedly took place at the Anna M. Kross Center ("AMKC"), a prison facility on Rikers Island operated by the New York City Department of Correction (the "DOC"). On March 18, 2015, the Court issued an Order granting Defendants' consolidated motion for summary judgment on the grounds that Plaintiffs failed to exhaust administrative remedies as required by the Prison Litigation Reform Act. (No. 13-cv-5749, Doc. No. 36; No. 13-cv-6090, Doc. No. 43.) The Court noted in its Order that no Plaintiff had filed a brief in opposition or 56.1 counter-statement. Thereafter, between March 18 and 20, 2015, the Court received submissions from Plaintiffs Spurgeon and Groenow, which prompted the Court to vacate its opinion and order

granting summary judgment as to Plaintiffs Spurgeon and Groenow. (No. 13-cv-5749, Doc. No. 37; No. 13-cv-6090, Doc. No. 45.) On April 13, 2015, Defendants filed their reply. (No. 13-cv-5749, Doc. No. 41; No. 13-cv-6090, Doc. No. 48.) For the reasons set forth below, the Court grants Defendants' motion for summary judgment on the grounds that Plaintiffs Spurgeon and Groenow failed to exhaust their administrative remedies.

I. BACKGROUND

The Court presumes the parties' familiarity with the facts and procedural history in this case.[1] In the Court's September 9 Order, the Court stated that "it appears from the face of the Complaints that none of the Plaintiffs have complied with the administrative exhaustion requirement of the [PLRA]," but nevertheless, the Court concluded that "Plaintiffs should be given an opportunity to set forth facts that could excuse their failure to exhaust." (Sept. 9 Op. at 7.) The Court noted, however, that should Plaintiffs fail to set forth facts that could excuse their failure to exhaust under *Hemphill*, "Plaintiffs' failure to exhaust administrative remedies would entirely dispose of these claims." (*Id.*) As of the date of the Court's March 18 Order, Plaintiffs Spurgeon and Groenow had not submitted an opposition to Defendants' motion for summary judgment or counter statement to Defendants' 56.1 statement. Accordingly the Court granted Defendants' motion for summary judgment. (Mar. 18 Op. at 8.)

---

[1] *See* the Court's September 9, 2014 Opinion and Order denying Defendants' motion to dismiss (No. 13-cv-6090, Doc. No. 30 (the "September 9 Order" or "Sept. 9 Op.")) and the Court's March 18, 2015 Opinion and Order granting Defendants' motion for summary judgment (No. 13-cv-6090, Doc. No. 43 (the "March 18 Order" or "Mar. 18 Op.")).

2

## II. ADMINISTRATIVE EXHAUSTION REQUIREMENT

On March 18, 2015 and March 20, 2015, the Court accepted untimely submissions from Plaintiffs Spurgeon and Groenow that purport to be their respective 56.1 statements. (No. 13-cv-5749, Doc. No. 37; No. 13-cv-6090, Doc. No. 45.) Plaintiff Spurgeon states that after he filed his grievance, he "wrote to the Warden as well as spoke to him personally," and he "had no chance in exhausting [his] remedies successfully due to [the] officers taking [his] mail and making sure [his] mail didn't reach its destination." (No. 13-cv-6090, Doc. No. 45 at 3.) Plaintiff Groenow states that after he filed his grievance, he "[did] not hear anything for 4 or 5 days," so he "asked Captain Bell about the status of [his] grievance [and] she said she would look into it," but when "[he] asked when a hearing would be conducted[,] Captain Bell replied 'after the investigation.'" (No. 13-cv-5749, Doc. No. 37 at 4.) Plaintiff Groenow further states that "shortly thereafter [he] was transferred to DNDC and on January 2, 2014 [he] was sent upstate," and that "the Inmate Grievance Resolution Program does not tell [inmates] what to do to continue the grievance once [one] leave[s] the jail." (*Id.*)

Under the Prison Litigation Reform Act (the "PLRA"), inmates bringing claims with respect to prison conditions under section 1983 must exhaust the administrative remedies that are available at that prison before proceeding in federal court. 42 U.S.C. § 1997e(a). To exhaust the administrative procedure at the AMKC, an inmate must file a grievance and proceed through several layers of review pursuant to the Inmate Grievance and Request Program ("IGRP"), even if the inmate does not receive a timely disposition at the initial stages. (No. 13-cv-6090, Doc. No. 39 ("Defendants' 56.1 Stmt.") ¶¶ 11-13.) The Second Circuit has held that under certain circumstances, an inmate's failure to exhaust administrative remedies may be excused. This

3

inquiry is generally guided by the Second Circuit's decision in *Hemphill v. New York*, which directs courts to consider: (1) "whether administrative remedies were in fact available to the prisoner," (2) "whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense," and (3) "whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements." 380 F.3d 680, 686 (2d Cir. 2004).

Plaintiffs Spurgeon's and Groenow's 56.1 statements fail as a matter of law to demonstrate that (1) they satisfied the PLRA exhaustion requirement or (2) they qualify them for one of the exemptions recognized under *Hemphill*. Plaintiff Spurgeon states that after he did not receive a response from his initial grievance, he wrote to and spoke with the Warden about his grievance. Similarly, Plaintiff Groenow states that after he filed his initial grievance, he inquired about the status of his grievance with Captain Bell. However, neither Plaintiff sought any further review of their grievance through the IGRP process, even though IGRP procedure expressly provided that inmates must proceed to the next step of the process within 10 business days of when a response from the facility was due, even if the facility did not provide a response. The law is well-settled that informal means of communicating and pursuing a grievance, even with senior prison officials, are not sufficient under the IGRP or the PLRA exhaustion requirement. *See, e.g., Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007); *Simon v. Campos*, No. 08-cv-8797 (PKC), 2010 WL 1946871, at *6 (S.D.N.Y. May 10, 2010); *Adames v. New York City Dep't of Corrs.*, No. 07-cv-4021 (GBD), 2008 WL 2743835, at *3 (S.D.N.Y. July 14, 2008). Accordingly, Plaintiff Spurgeon's and

4

Groenow's 56.1 statements do not alter the Court's conclusion that they failed to exhaust administrative remedies.

Plaintiffs Spurgeon's and Groenow's 56.1 statements also fail to show that they qualify for one of the *Hemphill* exemptions to the PLRA exhaustion requirement. Plaintiff Spurgeon states that various officers took his outgoing mail to interfere with his ability to exhaust his administrative remedies. Courts review claims of retaliation by prisoners "with skepticism" because of the "ease with which a retaliation claim may be fabricated." *Nunez v. Goord*, 172 F. Supp. 2d 417, 431 (S.D.N.Y. 2001); *see also Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995). Plaintiff Spurgeon does not specify the dates of the alleged mail tampering, identify the officers allegedly involved, describe the contents of the mail allegedly taken, or include any details beyond the bald assertion that his mail was taken. Such allegations "stand alone and unsupported" and are insufficient to qualify Plaintiff Spurgeon for one of the *Hemphill* exemptions. *See Winston v. Woodward*, No. 05-cv-3385 (RJS), 2008 WL 2263191, at *9 (S.D.N.Y. May 30, 2008). In any event, the IGRP provides inmates with multiple avenues to file their grievances or appeals that do not depend upon access to outgoing mail, and therefore Plaintiff Spurgeon cannot show that he was excused from exhausting his administrative remedies even if prison officials did take his outgoing mail. (No. 13-cv-5749, Doc. No. 29 Ex. E.)

Plaintiff Groenow, on the other hand, states that he was transferred to another DOC facility after he filed his initial grievance and asserts that the IGRP does not tell inmates what to do in such a situation. Whether or not the IGRP has procedures to handle such a situation is irrelevant, however, for by Plaintiff Groenow's own admission, he was transferred from AMKC well *after* the date on which proper exhaustion of his grievance should have been completed. Specifically,

the last date of the alleged AMKC lockdown was August 4, 2013, and under the most generous timeframes set forth in the IGRP for appealing grievances (*See* No. 13-cv-5749, Doc. No. 29 Ex. E), Plaintiff Groenow was required to finish exhausting his administrative remedies no later than November 18, 2013 – more than a month before he was transferred from the facility on January 2, 2014. Accordingly, Plaintiff Groenow also cannot show that he was excused from exhausting his administrative remedies.

### III. CONCLUSION

Having previously concluded that Plaintiffs Spurgeon and Groenow failed to exhaust their administrative remedies and did not qualify for one of the exemptions recognized under *Hemphill*, and having reviewed Plaintiffs Spurgeon's and Groenow's 56.1 statements, IT IS HEREBY ORDERED THAT Defendants consolidated motion for summary judgment is GRANTED. The Clerk of the Court is respectfully directed to close the cases No. 13-cv-6090 and No. 13-cv-5749. SO ORDERED.

Dated:      April 20, 2015
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

Copies of this Order were sent to:

Tashon Spurgeon
DIN#14A1421
Fishkill Corr. Facility
Box 1245
Beacon, NY 12508

Jonathan Groenow
14-A-0010
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13024

7